Matter of the Application of JOHN ZIERBEL for a Resubmission of the Four Excise Questions in the Town of Oakfield, N. Y.

(Supreme Court, Erie Special Term, February, 1918.)

Election Law — electors — towns — military service of United States — constitutional law.
Liquor Tax Law — when resubmission of four excise questions denied — evidence.

>      The right to vote not being dependent on legislative action, it cannot be said as matter of law that, because chapter 815 of the Laws of 1917 makes no provision for taking and counting votes on excise questions submitted at an election duly held, qualified electors of a town by reason of absence while in the military service of the United States are deprived of their right to vote on such questions.
>      Upon an application for a resubmission of such questions it is incumbent upon the petitioner to satisfy the court that the soldiers' vote, if cast or permitted, would have changed the result, and, in the absence of satisfactory evidence to that effect, the resubmission asked for will not be ordered.

PETITION for resubmission of four excise questions.

William E. Webster, for petitioner.

Clarence McGregor, for State Excise Commissioner.

Bayard J. Stedman, for certain citizens of the town of Oakfield.

WHEELER, J.   By the motion papers it appears that at the general election held November 6, 1917, in the town of Oakfield, candidates for state, county and town offices were voted for, and at the same time there were submitted to the electors four excise questions as to the sales of intoxicating liquors, and, on the question

as to whether licenses should be granted to hotels, the proposition to license was defeated by a majority of twenty-two votes, as shown by the tally of the voting machine used at said election. The relator, a hotel proprietor, now asks that the questions be resubmitted to the voters of the town. One of the grounds upon which a resubmission is asked is that there were twenty-six qualified electors of the town who were deprived of their right to vote on the propositions submitted but who were deprived of that right by reason of their absence while in the military service of the United States. The affidavits show that, while ballots were prepared and sent these soldiers for candidates for office and upon constitutional amendments submitted, no ballots were submitted upon the excise questions before the electors of the town of Oakfield. It is claimed that this omission violated article II, section 1, of the Constitution of the state providing among other things: " Every male citizen of the age of twenty-one years * * * shall be entitled to vote * * * for all officers that now are or hereafter may be elective by the people; and upon all questions which may be submitted to the vote of the people, * * * that in time of war no elector in the actual military service of the State or of the United States, * * * shall be deprived of his vote by reason of his absence from such election district; and the Legislature shall have power to provide the manner in which and the time and place at which such absent electors may vote, and for the returns and canvass of their votes in the election districts in which they respectively reside."

It appears the state legislature attempted to carry out this provision of the Constitution by enacting chapter 815 of the Laws of 1917, whereby the votes of electors absent in their country's military service might be taken and counted, but this act made no pro-

vision for taking and counting such votes on liquor tax questions.

The provision in favor of those in the military and naval service appears to be positive and unequivocal, and not dependent on the action of the state legislature. No action by or failure to act on the part of the legislature in our opinion can impair the rights of such voters. The legislature " *may provide the manner in which and the time and place at which such absent electors may vote,*" and in so far as the legislature covers the subject that legislation beyond question governs, but the right to vote is not dependent on legislative action. I can see no reason why if an absent soldier or sailor chose to vote on the excise questions submitted at the election in question, and had his vote duly authenticated and returned with the official ballot furnished him under the act of 1917, such vote should not have been received and counted in returning the final result. If this be true, then it cannot be said as a matter of law that such soldiers and sailors were deprived of the right or privilege of voting on the questions proposed. I appreciate the practical difficulties incident to voting without the aid of official ballots prepared in advance; but this omission did not render such voting impossible, and the privilege and opportunity was still open and the fact the voter did not avail himself of that opportunity cannot, we think, operate to invalidate the election had. So far as the case here presented is concerned it is the same as though the absent soldiers had been at the polls on election day and omitted to vote on the excise questions before the voters. In any event if there were to be a resubmission, if the petitioner's claim is sound on constitutional grounds, the same illegality would affect the new election, and this alone would be fatal to an order for a resubmission of the questions to the voters.

See opinion of Justice Rudd in *Matter of Town of Ghent,* 102 Misc. Rep. 259.

There seems to be another sufficient reason why this application should be denied. We think it incumbent on the petitioner to satisfy the court that the soldiers' vote, if cast, or permitted to have been, would have changed the result, and in the absence of satisfactory evidence a resubmission of the questions will not be ordered. *People ex rel. Fisher* v. *Hasbrouck,* 21 Misc. Rep. 188–192.

The petitioner in the moving papers states that there are some twenty-six absent soldiers, and it is claimed that all of these would have voted in favor of licensing hotels. It is rather difficult to believe that such would have been the case. Nevertheless affidavits read in opposition show that only seventeen of such soldiers were registered as entitled to vote, and had all of these voted as it is claimed by the petitioner they would have voted they are not sufficient in number to have changed the result, the majority on proposition 4 being twenty-two.

It is also claimed by the petitioner that inasmuch as there are more than 500 registered voters in the town of Oakfield and there was but a single voting district the election was illegal because the town was not divided into two election districts.

The affidavits read in reply show that there never has been a time when more than 500 persons voted at an election.

Section 419 of the Election Law declares that in districts where voting machines are used " no redivision of such election district shall be made for elections by such machines until at some general election the number of votes cast in one or more of such districts shall exceed five hundred."

Consequently the district could not have been legally

divided.    In any event all wishing to vote or appearing at the polls for that purpose were given the opportunity.

In my judgment the further claim that the board of election inspectors was improperly organized is without foundation.

I am of the opinion the petition of the relator must be denied, with ten dollars costs.

Ordered accordingly.